IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOHN E. WILLOUGHBY and WENDY WILLOUGHBY, § § |  |
| Plaintiffs, § |  |
| § | CIVIL ACTION NO. 5:11-cv-122-JRG |
| v. § |  |
| § |  |
| UNITED STATES OF AMERICA, § |  |
| Defendant. § |  |
| § |  |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Pending before this Court is Defendant United States of America's ("Defendant" or "United States") Motion to Dismiss for Failure to State a Claim under Rule 12(b)(1) and 12(b)(6). (Dkt. No. 6.)  After carefully considered the parties' written submissions and the arguments of counsel, the Court **GRANTS** Defendants' Motion.

**II.   Factual and Procedural Background**

Plaintiffs John and Wendy Willoughby ("Plaintiffs") bring this case against the Defendant pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiffs contend that on June 8, 2007, John Willoughby ("Willoughby") was injured while working at the Red River Army Depot ("RRAD") when he tripped over a bundle of cables and fell on the floor of the depot.  At the time of the accident, Willoughby was employed by Lear Siegler Services, Inc. ("LSI") as a mechanic. Plaintiffs allege that Willoughby suffered injury as a result of this trip and fall, requiring significant medical treatment.  They further allege that Wendy Willoughby suffered emotional loss as a result of her husband's injuries.

Plaintiffs contend that the United States and the Department of the Army are liable in the following ways: by allowing a bundle of cables to lay bare on the floor at RRAD without covering; for failing to remove or cover the cables; failing to warn Willoughby of the cables; and by allowing the cables to remain on the floor of the RRAD.  Defendant responds that Plaintiffs' claims should be dismissed because the Court lacks subject matter jurisdiction over Plaintiffs' claim and because Plaintiffs fail to state a cognizable claim upon which relief can be granted.

### III.     Applicable Law

#### A.     Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the Court.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of proving its existence.  *Id*.  A case is properly dismissed under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate the case. *CLEANCOALITION v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008), *cert. denied.* 129 S. Ct. 648 (2008).  In deciding a Rule 12(b)(1) motion, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Robinson v. TCI/US West Comm'cns Inc.,* 117 F.3d 900, 904 (5th Cir. 1997).

#### B.     Federal Rule of Civil Procedure 12(b)(6)

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).

There are two guiding principles in determining whether a complaint can survive a motion to dismiss. *Iqbal,* 129 S. Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

C.   *Federal Tort Claims Act*

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for suits against the United States or its agencies sounding in tort. 28 U.S.C. § 2679(a). The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA

imposes liability upon the government to the same extent, and in the same manner, as a private individual under "like circumstances," not "identical circumstances." *U.S. v. Olson*, 546 U.S. 43, 46, 126 S. Ct. 510 (2005). Courts must look to "like circumstances" for analogies of when private citizens would be liable in order to determine the Government's liability, if any, under the FTCA. *Vilafranca v. U.S.*, 587 F.3d 257, 262 (5th Cir. 2009). "Because the federal government could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy." *LaBarge v. County of Mariposa*, 798 F.2d 364, 367 (9th Cir. 1986), *cert. denied* 481 U.S. 1014 (1987). The FTCA is given broad interpretation "to effectuate the legislative aim of putting citizen and national sovereign in tort claims suits on a footing of equality as between private parties within that state." *Roelofs v. United States*, 501 F.3d 87, 92 (5th Cir. 1974).

  D. *Texas Workers' Compensation Act*

The Texas Workers' Compensation Act (the "Workers' Comp Act") states that a "general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor." Tex. Lab. Code § 406.123(a). If the general contractor "provides" workers' compensation insurance, it becomes a statutory employer of the subcontractor's employees for the purposes of the Workers' Comp Act. *See* Tex. Lab. Code § 406.123(e) ("An agreement under this section makes the general contractor the employer of the subcontractor and the subcontractor's employees…"). Such an employer is immune from the claims brought by a subcontractor because the employee's exclusive remedy in his workers' compensation benefits. Tex. Lab. Code § 408.001(a).

**III. Analysis**

The Army has a Master Contract with LSI that governs LSI's provision of an additional workforce to support the Army's mission at the RRAD. (Dkt. No. 6, at 8.) The Master Contract that applied to Willoughby's injury in 2007 had been in place since April 30, 2002. *Id*. According to the terms of the Master Contract, LSI was required to provide workers' compensation insurance in accordance with the requirements of Texas law for LSI employees working at RRAD. *Id*. The terms of the RRAD Contract provided that the Army paid LSI the cost of workers' compensation insurance premiums as an allowable cost to the RRAD Contract. In turn, LSI acquired workers compensation insurance that covered Willoughby at the time of his injury, and he received workers' compensation benefits under the coverage purchased by LSI and required by the Army.

The parties do not dispute that LSI obtained workers' compensation coverage, that the United States paid for the premiums of the workers' compensation coverage, or that Willoughby sought and obtained workers' compensation benefits as a result of his injuries. Nevertheless, Plaintiffs argue that the United States has not met the criteria for obtaining the protection of the Texas Workers Comp Act because the United States did not obtain the coverage that is required under the Act. Plaintiffs argue that requiring LSI to obtain workers' compensation coverage for its employees does not equate to actually providing workers' compensation coverage.

While Congress has authorized the United States to provide workers' compensation insurance for federal employees, it has not granted permission for the government to provide coverage to contractors. As a result, the United States cannot directly pay workers' compensation benefits to non-federal employees or employees of independent contractors. *See McWhinnie v.*

*U.S.*, 2008 WL 2704469, *4-5 (W.D. Ky. 2008). In this respect, the United States is unlike private individuals or entities who act as general contractors.

Defendant contends that Texas law bars all of Willoughby's claims, because Defendant contractually required, and paid through reimbursement the cost of, workers' compensation insurance that covered LSI employees, including Willoughby. (Dkt. No. 6, at 10.) According to Defendant, under Texas law, an employer that provides workers' compensation insurance to its own employees is exempt from suit by its own employees by virtue of the "exclusive remedy" provision within the Texas Labor Code, which provides that an employee's exclusive remedy for an on-the-job injury is seeking workers' compensation benefits. *See* Tex. Lab. Code § 408.001(a)("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer of an agent or employee of the employer for the death of or a work-related injury sustained by the employee.") This rule also applies to a general contractor that "provides" workers compensation insurance coverage within the meaning of the Texas Labor Code to a subcontractor and the subcontractor's employees. *Id*. In this case, Defendant contends that the Master Contract between Defendant and LSI required payment of workers' compensation premiums, thereby exempting the Defendant from this suit by virtue of the "exclusive remedy" provision of the Texas Labor Code.

Plaintiffs respond that the United States is "uniquely different" from other private citizens who would have contracted with Mr. Willoughby's employer, LSI, because the U.S. Government cannot purchase workers compensation insurance for LSI employees if LSI did not do so itself; a requirement under Texas law in order for a non-employer contract to claim benefit of the Texas Workers Compensation bar as a statutory employer. (Dkt. No. 10, at 3.) Because the United

States cannot purchase workers compensation insurance in the event that LSI does not do so, Plaintiffs contend that it cannot present evidence that it would be "ultimately responsible" for obtaining alternate workers' compensation insurance for LSI's employees if, for example, LSI did not use the money apportioned under the contract to purchase such coverage.

Therefore, the question before the Court is whether the terms United States' contract with LSI is adequate to confer upon the United States the same statutory immunity from suit afforded to general contractors according to the Workers' Comp Act. Notably, this question has previously been analyzed at length by this Court in a case involving nearly identical circumstances. *See Doss v. United States*, 793 F. Supp. 2d 859 (E.D. Tex. 2011). *Doss* involved a workers' compensation claim arising out of an injury to another LSI employee who was also injured on the job at the RRAD. *Id.* In fact, the very same Master Contract at issue in this case was examined and discussed by the Court in *Doss*. There, the Court ruled that according to the Master Contract, the U.S. Government "provided" workers' compensation insurance to LSI employees for purposes of the Texas Labor Code. *Id.* at 865-66. The Court concluded that when the United States contractually requires that a subcontractor provide coverage to its employees and the cost of the coverage is passed on to the United States as an allowable cost in the underlying contract, the United States complies with the purpose of the Texas Worker's Compensation Act in a manner allowed by Congress. *Id.* Accordingly, the Court found that the United States had "provided" coverage according to the Texas Worker's Compensation Act and was entitled to the exclusive remedy defense under the Act. *Id.*

Here, exactly as in *Doss,* the United States paid the workers' compensation insurance premiums to LSI as an allowable cost of the contract. (Dkt. No. 6, at 14.) LSI complied with its contractual obligation and purchase worker's compensation coverage for its employees, including

John Willoughby.  The Defendant's contract with LSI included payments of worker's compensation premiums.  Thus, the Defendant provided worker's compensation coverage to Willoughby because it contractually required LSI to provide worker's compensation for its employees and actually paid the expense of this coverage.  By contractually requiring LSI to provide workers' compensation coverage, paying LSI to maintain workers' compensation coverage, and otherwise satisfying the Texas Workers' Compensation Act's requirements to be entitled to the same protections as a subscribing employer, the United States is afforded the Act's protection by way of its exclusive remedy defense against Plaintiffs' claims.

Plaintiffs ask this Court to disregard this Court's decision in *Doss* and instead rely upon a series of United States Supreme Court's decisions involving the FTCA.  (Dkt. No. 10) (citing *Indian Towing Co., Inc. v. United States*, 350 U.S. 61 (1955); *Rayonier Inc. v. United States*, 352 U.S. 315 (1957); *United States v. Olson*, 546 U.S. 43 (2005)).   The Court is not persuaded that this line of cases applies, because the United States is not asserting the "unique governmental function" argument central to those cases.  Plaintiffs conflate the "unique governmental functions" issues in *Indian Towing* and *Ryonier* and the United States' position as sovereign with respect to not being able to directly purchase workers' compensation insurance in this case.  While it is true that the United States cannot directly purchase workers' compensation insurance for outside contractors' employees, there is no basis in law or logic to treat the United States any different than a general contractor that has satisfied the steps necessary to qualify as a statutory employer under state law. The Defense offered by the Texas Workers Compensation Act applies to Willoughby's claims against the United States.

## V. Conclusion

Because Plaintiffs' claims are barred by the exclusive remedy provision under the Texas Workers Compensation Act, Plaintiffs have failed to state a claim to relief that is plausible on its face. Accordingly, the Court finds that the United States' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is **GRANTED**. In view of the Court's finding that the Plaintiffs have failed to state a claim to relief that is plausible on its face, the Court does not address the other grounds for dismissal asserted by Defendants in its briefing.

**So ORDERED and SIGNED this 18th day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE